Gary PAGE, Appellant–Defendant,

v.

GREENE COUNTY DEPARTMENT OF WELFARE, et. al., Appellee–Plaintiff,

and

Brenda PAGE, Appellant–Defendant,

v.

GREENE COUNTY DEPARTMENT OF WELFARE, et al., Appellee–Plaintiff.

No. 28A01–8912–CV–00512.

Court of Appeals of Indiana, First District.

Jan. 14, 1991.

---

Mona A. Paddock, Hartman & Paddock, Bloomfield, for appellant-defendant Gary Page.

James W. Boswell, Greene County Public Defender, Terre Haute, for appellant-defendant Brenda Page.

R. Todd Corn, Bloomfield, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Gary Page (Gary) and Brenda Page (Brenda) appeal the trial court's judgment ordering termination of their parental rights to W.M.P., G.D.P., and M.A.P. We affirm.

## FACTS

In April 1986 the Greene County Department of Welfare, (DPW) removed W.M.P., G.D.P., and M.A.P. from the home of the person with whom Gary and Brenda had placed them a short time earlier while Gary and Brenda sought work out of town. On July 24, 1986, Brenda admitted and Gary, by default, admitted the children were in need of services. The court placed the children with foster parents and ordered DPW to provide services to the family. However, conditions in the family deteriorated so that DPW, on December 5, 1988, filed a petition to terminate parental rights. On September 5, 1989, after a hearing held during June and July 1989, the court issued findings and conclusions to support its judgment ordering termination of Gary's and Brenda's parental rights to W.M.P., G.D.P., and M.A.P. Gary and Brenda now appeal the trial court's judgment.

## ISSUES

Gary and Brenda each raise issues which we combine and restate as follows:[1]

1. Whether the trial court committed reversible error by allowing into evidence documents containing allegations their children had been sexually abused.

2. Whether the trial court erred in finding clear and convincing evidence showing a reasonable probability that the conditions which resulted in the removal of the children from the parents' custody would not be remedied and in finding that DPW met

its burden imposed pursuant to IND. CODE § 31–6–5–4.

## DISCUSSION AND DECISION

*Issue One*

■ Gary and Brenda contend the trial court committed reversible error by admitting testimony and written evidence to the effect that W.M.P., G.D.P., and M.A.P. had been sexually molested by people they encountered in the home where Gary and Brenda placed them. In support of their contention, they state that the sole reason for removal of the children from their care was sexual molestation and that all of the evidence regarding the molestation was inadmissible hearsay. Without the hearsay evidence of molestation, Gary and Brenda assert, the court could not have found DPW met its burden of proving there was a reasonable probability the conditions resulting in the children's removal from the person with whom the parents had placed them would not be remedied if the children were returned to one of the parents.

The initial allegations of sexual abuse were contained in a caseworker's report of preliminary inquiry and investigation made pursuant to IND. CODE § 31–6–4–8(b). The report was based on information given by W.M.P., G.D.P. and M.A.P. when they were interviewed by the caseworker and a state trooper. Subsequent DPW reports repeated the initial allegations of sexual abuse. None of the children testified during the hearing to terminate parental rights. Over objections made by Gary and Brenda that the reports contained hearsay, the court admitted all of the DPW reports offered.

We agree with Gary and Brenda that the reports contain hearsay evidence of sexual abuse and meet the definition of hearsay. *See Plan–Tec, Inc. v. Wiggins* (1983), Ind. App., 443 N.E.2d 1212, 1231 (hearsay is testimony or written evidence of out-of-court statements offered to show the truth

---

1. Gary contends he was denied substantive due process because DPW did not meet its statutory burden and he was denied procedural due process because the trial court admitted hearsay evidence about the molestations. In light of our discussion and decision of Issues One and Two, in which we find the admission of hearsay evidence was harmless error and DPW met its statutory burden, we find no violation of Gary's right to substantive or procedural due process.

of the matters asserted). We also agree with Gary and Brenda that the reports of sexual abuse cannot qualify for admission into evidence under the rule of *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482 (to admit hearsay as substantive evidence, out-of-court declarant must testify consistently with out-of-court statement and be subject to cross examination.) *See also Hendricks v. State* (1990), Ind., 562 N.E.2d 725 (hearsay also may be admitted as substantive evidence when out-of-court declarant acknowledges having made statement.) The children neither acknowledged making the statements nor testified consistently with the statements and subjected themselves to cross examination. Therefore, the reports of molestation were hearsay.

■ Moreover, we agree with Gary and Brenda that the reports of sexual abuse cannot qualify for admission into evidence under the business records exception to the rule against hearsay admission. The business records exception requires a showing the record was "kept in the routine course of business, and placed in the record by an authorized person having personal knowledge of the transaction...." *Willis v. State* (1987), Ind., 510 N.E.2d 1354, 1357, *cert. denied*, 484 U.S. 1015, 108 S.Ct. 721, 98 L.Ed.2d 670. Here, neither the recording caseworker nor the caseworker who testified at the termination hearing had personal knowledge of the facts reported by the children.

■ Nevertheless, the record contains evidence, other than the hearsay evidence, which supports the trial court's Finding of Fact No. 5 that the children were removed from their parents' care and custody for reasons other than alleged sexual abuse. The court found the children were removed because Gary and Brenda failed to supply necessary care and supervision or a stable, orderly home life and because Gary had a severe drinking problem and became easily angered, violent, and dangerous to others when drinking. In addition, as we will discuss in Issue Two, the non-hearsay evidence, including testimony from Gary and Brenda and other witnesses, as well as testimony and reports from psychologists,

amply supports the court's finding there was no reasonable probability that the conditions resulting in the removal of the children from the parents' care and custody would be remedied. Therefore, we find the trial court's admission of the hearsay evidence of sexual abuse to have been harmless error.

*Issue Two*

■ Gary and Brenda also contend the trial court erred in finding that DPW met its burden of showing clear and convincing evidence: 1) there was a reasonable probability that the conditions resulting in the removal of the children from their care and custody would not be remedied, and 2) DPW had a satisfactory plan for the care and treatment of the children upon termination. In support of their first contention they argue the court erred in admitting hearsay evidence of sexual molestation being the sole reason for removal of the children. We discussed this argument in Issue One. Gary also argues in support of the first contention that DPW did not provide reasonable services to him to help him to obtain adequate housing and employment so that the children could be returned to his care and custody.

■ We remind Gary and Brenda that when we review a termination of parental rights by a trial court we will not reweigh evidence nor judge the credibility of witnesses. *Matter of M.J.G.* (1989), Ind.App., 542 N.E.2d 1385, 1388. "Rather, we will only consider the evidence, and inferences reasonably drawn from the evidence, which are most favorable to the judgment." *Id.* When reviewing findings of fact and conclusions of law entered in a case involving termination of parental rights, we apply a two-tier review standard. First, we determine whether the evidence supports the findings. Then, we determine whether the findings support the judgment. We will set aside the trial court's findings and conclusions only if they are clearly erroneous because no facts or inferences support them. *Id.*

In order to support its petition to terminate parental rights, the attorney for DPW must show that:

"(1) the child has been removed from the parent for at least six (6) months under a dispositional decree;

(2) there is a reasonable probability that:

(A) the conditions that resulted in the child's removal will not be remedied; or

(B) the continuation of the parent-child relationship poses a threat to the well-being of the child;

(3) termination is in the best interests of the child; and

(4) there is a satisfactory plan for the care and treatment of the child."

I.C. § 31-6-5-4.

■ No dispute exists that the children have been removed from the care of Gary and Brenda for at least six months. Moreover, the evidence supports the court's findings there is a reasonable probability the conditions resulting in the children's removal will not be remedied. Although a trial court should judge a parent's fitness to care for a child as of the time of the termination hearing and take into consideration any evidence of changed conditions, "the court must also evaluate the parent's habitual patterns of conduct to determine whether there is a substantial probability of future neglect or deprivation of the children." *Matter of J.K.C.* (1984), Ind.App., 470 N.E.2d 88, 92.

Testimony from Gary and Brenda, as well as at least fifteen other witnesses supports the court's findings that: 1) Gary and Brenda were unable to provide a stable home life and, between them, had moved their households at least twenty-seven times between October 1, 1979, and September 5, 1989, which was the date of the termination hearing, 2) Gary and Brenda were unable to provide emotional and mental support or necessary care and supervision to their children, 3) violence had continued in Brenda's home, she had used drugs in 1982 and relapsed in 1988 after associating with and then moving in with a boyfriend who abused alcohol and was violent, and 4) alcohol abuse and violence had continued to be a factor in Gary's life. Although Gary and Brenda each urge they had shown some improvement, reports from psychologists who tested Gary and Brenda indicate long term patterns of inappropriate behavior and predict that: 1) Gary would be unable to overcome his alcohol abuse and anti-social behavior except within a prison environment, and 2) Brenda has no parenting skills and demonstrates no basis upon which to build them. In short, the evidence clearly and convincingly supports the court's findings, in light of consideration of behavioral patterns and predictions for the future, that no reasonable probability exists that the conditions resulting in the children's removal will be remedied.

■ Because the purpose of the law is to strengthen family life by aiding parents to fulfill their obligations as parents, DPW must show by clear and convincing evidence that the best interests of a child are served by a termination of parental rights. *Matter of J.H.* (1984), Ind.App., 468 N.E.2d 542, 546, *trans. denied.* In determining whether termination is in the best interests of a child, a trial court must look beyond factors identified by DPW to the totality of evidence. *Matter of J.K.C.*, 470 N.E.2d at 93. Testimony by welfare workers, the testing psychologists, and other witnesses amply supported the trial court's findings that Gary and Brenda had been and would continue to be unable to provide a stable home life, necessary care or supervision, or emotional and mental support to their children and that termination of parental rights would be in the best interests of the children. For example, the evidence shows Gary had a pattern of alcohol abuse and violence, and had failed to accept services arranged by DPW in assisting him to overcome his problems. Although the evidence does not indicate DPW offered Gary assistance with obtaining adequate housing or employment, the evidence indicates that such assistance would probably not have been a priority in the provision of reasonable services until Gary had overcome his problems with alcohol abuse and violence. The evidence also shows Brenda did not follow through with services offered by DPW through a developmental center

teaching her work habits and life skills. Furthermore, visitation between Brenda and her children had to be ended because she moved in with an abusive boyfriend and refused to leave. Brenda admitted that she was making a choice between her boyfriend and her children and that they would be better off adopted by someone else. Finally, as noted above, the psychologists' reports indicated Gary's and Brenda's parental skills would not improve in the future. We find the evidence clearly and convincingly supported the trial court's finding that termination of Gary's and Brenda's parental rights would be in the best interests of W.M.P., G.D.P., and M.A.P.

Gary contends DPW did not set forth a satisfactory plan for the care and treatment of the children after termination of Gary's and Brenda's rights. DPW is not required to detail completely a child's future, *Matter of D.L.W.* (1985), Ind.App., 485 N.E.2d 139, 143; *Matter of J.K.C.*, 470 N.E.2d at 93, but need only point out in a general sense the general direction of its plan. *Matter of Miedl* (1981), Ind., 425 N.E.2d 137, 141. DPW's director, a caseworker, and two psychologists all testified that W.M.P., G.D.P., and M.A.P. are adoptable. DPW's director and caseworker testified the plan was to keep the children in their foster home until their adoption and that their food, shelter, clothing, and medical care would be provided by the foster parents until that time. The evidence clearly and convincingly supports the trial court's finding that DPW showed a satisfactory plan for the care and treatment of the Page children.

The evidence clearly and convincingly supports the court's findings and its judgment that termination of Gary's and Brenda's parental rights would be in the best interests of W.M.P., G.D.P., and M.A.P. We affirm the trial court's judgment.

Affirmed.

BAKER and CONOVER, JJ., concur.