**Gregory Orlando POSEY,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A03–9302–CR–059.**

Court of Appeals of Indiana,
Third District.

Nov. 3, 1993.

Mark A. Bates, Appellate Public Defender, Crown Point, for appellant-defendant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

A jury convicted Posey of Robbery While Armed, a Class B felony, and of being an habitual offender.

He asserts the court erred in the habitual offender phase of his trial by allowing into evidence "repeater sheets" which bore his fingerprints and a fingerprint card taken on Posey's arrest for a robbery in 1982. (A fingerprint expert utilized these exhibits to express the opinion that Posey was the same person who had been convicted of the two prior offenses.) Posey contends these exhibits were surplusage.

We do not agree. The state was required to establish that the person on trial was the same person previously convicted. *See Andrews v. State* (1989) Ind., 536 N.E.2d 507. And the fingerprint verification was relevant to that determination. Furthermore, to the extent that the proof was surplusage, Posey suffered no harm therefrom. There was no prejudicial error.

■ Posey also contends that the court erred when it simply sentenced him to a term of forty-five years, rather than specifying the sentence it was imposing for robbery and the enhancement it was imposing because Posey was an habitual offender.

■ We agree that the usual process in sentencing discloses both elements. We find, however, that Posey has waived a detailed consideration of this issue because he failed to present to us in the transcript the record of the sentencing hearing. We are therefore unable to determine what the court may have said and done at the hearing. *House v. State* (1989) Ind., 535 N.E.2d 103, *rehearing denied; Stallings v. State* (1987) Ind., 508 N.E.2d 550; *Jackson v. State* (1986), Ind., 496 N.E.2d 32; *Berry v. State* (1985) Ind., 483 N.E.2d 1369.

■ The dissent reads AR 7.2(B) as precluding waiver. We disagree. The rule was adopted in an effort to shorten the delay and reduce the expense to litigants involved in the traditional practice of always ordering an entire transcript of the proceedings. Thus, where it appears from the arguments presented that additional parts of the record are necessary to determine an issue, the rule permits the parties or the court to request them.

As the decisions of our supreme court illustrate, however, the rule was not intended to relieve an appellant from his historical burden to establish that prejudicial error was committed. Thus, on the points directly assigned as errors, he has the burden of presenting both cogent argument and the appropriate portions of the record to establish the error. Posey failed to do so.

■ We, of course, presume that the court will follow the law. Posey acknowledges that pursuant to IC 35–50–2–8 the court was required to enhance his sentence by thirty years. IC 35–50–2–5, applicable to Class B felonies, provides that the pre-

sumptive term is ten years with not more than ten years added for aggravating circumstances, or more than four years subtracted for mitigating circumstances. It therefore appears that the total sentence of forty-five years was well within the province of the court for the offense committed. Accordingly, there is no indication of fundamental error.

Any error in the mechanics of sentencing Posey has been waived.

Affirmed.

STATON, J., concurs.

HOFFMAN, J., dissents and files separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent.

The majority has waived consideration of the sentencing issue because the transcript failed to contain the record of the sentencing hearing. Ind. Appellate Rule 7.2(B) in no uncertain terms states, "Parts which are not transmitted to the court on appeal shall nevertheless be a part of the record on the appeal for all purposes."

Thus, the rule states that the part of the record not transmitted is before the court on appeal. If it is necessary for the Court of Appeals to view that part of the record, it may order the same transmitted from the trial court.

This is a sound and rational rule; the purpose of which is to reduce the size of the transcript which is necessary to demonstrate the error raised in the appeal. The Court's failure to follow this rule makes it incumbent upon any competent lawyer to request that the complete record be filed in the appellate court whether or not it is needed, thus causing undue lengthy delays and expense to the appellate process.

The majority opinion cites *Stallings v. State*[1] (1987), Ind., 508 N.E.2d 550, in sup-

---

1. After my dissent in this case was written, the majority attempted to bolster its waiver argument by providing authority in addition to *Stallings*. However, the additional authority can be explained in the same manner as *Stallings*. The

courts in those cases must have overlooked App.R. 7.2(B).

The rule is clear and unambiguous. Portions of the record not transmitted are "nevertheless ... part of the record ... for all purposes." "For all

port of the waiver. The supreme court in that opinion inadvertently, or through oversight, made such a statement. In all probability, Stallings failed to note App.R. 7.2(B) in his reply brief thereby causing the court to discuss only the arguments raised in the parties' briefs.

The decision of the majority eviscerates an appellate rule and needlessly subjects practitioners and appellants to peril.

purposes" necessarily includes the ability to predicate error on portions of the record which have not been transmitted to the Court.

Waiver is inappropriate in the face of App.R. 7.2(B) regardless of the quantity of authority which has overlooked the rule.