**In re the Wardship of A.A.C.**

**The Termination of the Parent–Child Relationship, M.D., Appellant–Respondent,**

**v.**

**DIVISION OF FAMILY & CHILDREN, Appellee–Petitioner.**

No. 02A03–9610–JV–398.

Court of Appeals of Indiana.

Feb. 20, 1997.

Douglas E. Ulmer, Fort Wayne, for Appellant–Respondent.

Joardan I. Lebamoff, Lebamoff Law Offices, Fort Wayne, for Appellee–Petitioner.

## OPINION

STATON, Judge.

M.D. appeals from the trial court's judgment terminating his parental rights. He presents two issues for our review which we consolidate and restate as follows: Whether the evidence was sufficient to support the termination of the parent-child relationship.

We affirm.

The facts most favorable to the judgment reveal that A.A.C. was born on January 7, 1993. The Allen County Office of Family and Children ("DPW") immediately removed him from his mother's custody based upon her lengthy history of child neglect.[1] The mother would not reveal the name of A.A.C.'s father. Later, the mother identified M.D. as the father. At that time, M.D. was incarcerated. He contacted the DPW upon his release and requested visitation with his son. The DPW informed him that until he established paternity, they would not schedule visitation.

M.D. filed a petition to establish paternity and received a judgment in May 1993. In the meantime, the DPW filed a petition alleging A.A.C. to be a child in need of services ("CHINS"). The CHINS petition alleged that M.D. had failed to support A.A.C.[2] After A.A.C. was adjudicated a CHINS, a Parental Participation Plan (the "Plan") was developed. Under the Plan, M.D. was ordered, *inter alia*, to undergo a psycho-social assessment at CASI Center, attend the Men's Support Group at the Center for Non–Violence, complete in-home parenting programs provided by SCAN, comply with the rules of his probation, remain free of drugs and alcohol, pay child support and attend visitation with A.A.C. M.D. did not complete any of these requirements. At the time the petition to terminate his parental rights was filed, M.D. had not completed any of the counseling programs, had missed many visitations, had used both drugs and alcohol, was behind in child support, had violated his probation at least twice by committing additional crimes, and was once again incarcerated. In addition, M.D. did not maintain steady employment to enable him to support A.A.C. when he was not incarcerated. In fact, he lost two jobs due to his drug and alcohol use and criminal activities. After a hearing, the trial court terminated the parent-child relationship and this appeal ensued.

---

1. The mother later voluntarily terminated her parent-child relationship with A.A.C. and is not a party to this appeal.

2. The CHINS petition was subsequently amended to add new allegations and the trial court incorporated the new allegations into its dispositional order. However, the amended petition was not included in the evidence before the termination court so we do not know the nature of the subsequent allegations.

M.D. argues that the DPW failed to present clear and convincing evidence of the reasonable probability that the conditions that led to A.A.C.'s removal would not be remedied or that it was in the best interests of A.A.C. to terminate the parental relationship. To effect the involuntary termination of a parent-child relationship, the DPW must present clear and convincing evidence to establish the elements of IND.CODE § 31–6–5–4(c) (Supp.1995):

(1) the child has been removed from the parent for at least six (6) months under a dispositional decree;

(2) there is a reasonable probability that:

    (A) the conditions that resulted in the child's removal or the reasons for placement outside the parent's home will not be remedied; or

    (B) the continuation of the parent-child relationship poses a threat to the well-being of the child;

(3) termination is in the best interests of the child; and

(4) there is a satisfactory plan for the care and treatment of the child.

We will not set aside the trial court's judgment terminating a parent-child relationship unless it is clearly erroneous. *Egly v. Blackford County DPW,* 592 N.E.2d 1232, 1234–35 (Ind.1992). In determining whether the evidence is sufficient to support the judgment of termination, this court neither reweighs the evidence nor judges the credibility of witnesses. *Id.* at 1235. We consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id.*

The court must subordinate the interests of the parents to those of the child when evaluating the circumstances surrounding the termination. *R.G. v. Marion County Office, Dep't of Family and Children,* 647 N.E.2d 326, 328 (Ind.Ct.App.1995), *trans. denied.* Termination of a parent-child relationship is proper where the child's emotional and physical development is threatened. *Id.* The trial court need not wait until the child is irreversibly harmed such that his physical, mental and social development is permanently impaired before terminating the parent-

child relationship. *J.L.L. v. Madison County DPW,* 628 N.E.2d 1223, 1227 (Ind.Ct.App. 1994).

When there is a reasonable probability that the conditions that resulted in the child's removal will not be remedied the parent-child relationship can be terminated. IC 31–6–5–4(c)(2)(A). To determine whether such conditions will be remedied or not, the trial court must look to the parent's fitness at the time of the termination proceeding. *Page v. Greene County DPW,* 564 N.E.2d 956, 960 (Ind.Ct.App.1991). In addition, the court must look at the patterns of conduct in which the parent has engaged to determine if future changes are likely to occur. *Id.* When making its determination, the trial court can reasonably consider the services offered by the DPW to the parent and the parent's response to those services. *M.B. v. Delaware County DPW,* 570 N.E.2d 78, 82–83 (Ind.Ct.App.1991).

M.D. argues that the evidence shows that the reasons A.A.C. was removed by the DPW have been remedied and thus the trial court erred in terminating the parent-child relationship. However, M.D. erroneously focuses on the reasons for A.A.C.'s removal from his mother's care. It is true that A.A.C. was never in M.D.'s custody so technically he was never removed. Instead, the proper inquiry is first what conditions led to the DPW's retention of custody of A.A.C. once it was determined that M.D. was the father; and second whether there is a reasonable probability that those conditions will be remedied.

The CHINS petition alleged that M.D. had failed to support A.A.C. In addition, A.A.C.'s caseworker stated that at the time the DPW was told that M.D. was A.A.C.'s father, he was in prison and unable to care for or support A.A.C. The evidence reveals that M.D. has done little to remedy those problems. He made very few support payments (even though he had money to purchase drugs), continued to engage in criminal activity and was in prison for all but seven or eight months during A.A.C.'s first three years. Looking at M.D.'s pattern of conduct, there is no evidence to show that he has

changed or will change and overwhelming evidence to show that he is still unable to care for or provide for A.A.C. *Page, supra,* at 960. The trial court correctly found that there was a reasonable probability that the reasons for removal would not be remedied.

M.D. also argues that the evidence is insufficient to show that it is in A.A.C.'s best interests to terminate the parent-child relationship. In light of the overwhelming evidence of M.D.'s criminal activities; long periods of incarceration; violence toward A.A.C.'s mother; drug and alcohol use; inability to maintain stable housing; inability to maintain steady employment; and refusal to provide support for his son, it is obvious that A.A.C.'s emotional and physical development would be threatened if he were placed in his father's custody. *R.G., supra,* at 328. As noted above, the trial court does not have to wait until A.A.C. is irreversibly harmed before terminating the parent-child relationship. *J.L.L., supra,* at 1227. Accordingly, we conclude that the trial court properly determined that termination was in A.A.C.'s best interests.

Affirmed.

GARRARD and BARTEAU, JJ., concur.