**In the Matter of Termination of the Parent–Child Relationship: William L. RAMSEY, natural father, Appellant–Respondent,**

v.

**MADISON COUNTY DEPARTMENT OF FAMILY AND CHILDREN, Appellee–Petitioner.**

No. 48A04–9808–JV–407.

Court of Appeals of Indiana.

March 22, 1999.

Patrick R. Ragains, Smith Ragains & Cotton, Anderson, Attorney for Appellant.

Thomas L. Hulse, Anderson, Attorney for Appellee.

**OPINION**

SHARPNACK, Chief Judge.

William L. Ramsey ("Father") appeals the trial court's termination of his parental rights to M.L.R. ("Child"). Father raises one issue which we restate as whether the evidence was sufficient to support the termination.

We affirm.

The facts most favorable to the judgment follow. Child was born on February 22, 1989. In April of 1996, Child disclosed that he had been sexually molested by Father, his custodial parent. A petition was filed alleging Child to be a child in need of services ("CHINS"). Father was charged with several counts of child molesting and one count of incest. Child was determined to be a CHINS and he was removed from the custody of his parents pursuant to a decree entered on October 17, 1996. The CHINS decree ordered that there be no contact between Father and Child.

On March 3, 1997, Father pleaded guilty to one count of child molesting and to incest. Father was sentenced to eighteen years in prison and was ordered not to contact Child

unless it was approved by Child's therapist. Father's release date is August 7, 2005.

On April 8, 1998, the Madison County Office of Family and Children ("OFC") filed a petition to terminate parental rights of Father.[1] On May 22, 1998, the OFC filed an amended petition to terminate Father's parental rights.[2] The trial court appointed counsel to represent Father. A court appointed special advocate ("CASA") was appointed to represent Child. A hearing was held on June 9, 1998. The trial court terminated Father's parental rights stating:

"Comes now the Court and having previously taken this matter under advisement; hereby finds that the [OFC] has proved by clear and convincing evidence the allegations of the Petition For Involuntary Termination of Parental Rights of [Father] as to [Child]. [OFC] to submit to proposed decree."

Record, p. 4.

 Father argues that the termination should not have been granted because the OFC did not present clear and convincing evidence that either the conditions that resulted in removal could not be remedied or the continuation of the parent-child relationship posed a threat to the well being of Child. The attorney for the office of family and children or the child's CASA may file a petition to terminate parental rights of a person who has committed the offenses of child molesting or incest. Ind.Code § 31–35–3–4(1)(G) & (J). The victim of the offense must be less than sixteen years old at the time of the offense and the biological child, adoptive child, or the child of a spouse of the individual who has committed the offense. I.C. § 31–35–3–4(2). In this situation, the termination petition must:

"(2) allege that:

(A) the victim of an offense listed in section 4(1) of this chapter is:

(i) the subject of the petition;

\* \* \* \*

(B) the individual whose parent-child relationship is sought to be terminated under this article was convicted;

(C) the child has been removed:

(i) from the parent under a dispositional decree; and

(ii) from the parent's custody for at least six (6) months under a court order;

(D) there is a reasonable probability that:

(i) the conditions that resulted in the child's removal or the reasons for placement outside the parent's home will not be remedied; or

(ii) continuation of the parent-child relationship poses a threat to the well-being of the child;

(E) termination is in the best interests of the child; and

(F) there is a satisfactory plan for the care and treatment of the child."

Ind.Code § 31–35–3–5(2). The elements required for termination of parental relationship with child must be proven by clear and convincing evidence. *Tipton v. Marion County Dep't of Pub. Welfare*, 629 N.E.2d 1262, 1270–1271 (Ind.Ct.App.1994). A conviction of certain offenses including child molesting or incest are prima facie evidence that

"there is a reasonable probability that:

(1) the conditions that resulted in the removal of the child from the parent under a court order will not be remedied; or

(2) continuation of the parent-child relationship poses a threat to the well-being of the child."

Indiana Code § 31–35–3–8. Prima facie evidence means such evidence as is sufficient to establish a given fact and remains sufficient if uncontradicted. *Mullins v. State*, 646 N.E.2d 40, 50 (Ind.1995). The contradiction of prima facie evidence merely creates a question that must be resolved by the trier of fact. *Id.* at 50–51.

 In reviewing termination of parental rights, we will neither reweigh the evi-

---

1. The April 8, 1998, petition was filed pursuant to Ind.Code § 31–35–2–4.

2. The May 22, 1998, amended petition was filed pursuant to I.C. § 31–35–3–4.

dence nor judge the credibility of witnesses. *Matter of A.N.J.*, 690 N.E.2d 716, 720 (Ind. Ct.App.1997). We consider only the evidence most favorable to the judgment. *Id.* The purpose of terminating parental rights is not to punish parents but to protect their children. *Id.* Although parental rights are of a constitutional dimension, the law allows for the termination of those rights when parents are unwilling or unable to meet their parental responsibilities. *Egly v. Blackford County Dept. of Public Welfare*, 592 N.E.2d 1232, 1234 (Ind.1992). "This includes situations not only where the child is in immediate danger of losing his life, but also where the child's emotional and physical development are threatened." *Id.*

■ Here, Father was convicted of child molesting and incest. Child was the victim of these crimes. At the time the offenses were committed Child was seven years old. Because Father was convicted of child molesting and incest in which Child, who was under the age of sixteen, was the victim, there is prima facie evidence that the conditions that resulted in the removal of Child from Father will not be remedied and continuation of the Father–Child relationship poses a threat to the well being of Child. *See* I.C. 31–35–3–8. Father attempts to contradict this evidence through claims that he did not molest Child and that he entered a guilty plea to avoid a longer sentence. Father also

asserts that he is taking anger management and parenting classes in prison.

In addition to the prima facie evidence based on Father's conviction, there is evidence that Child fears being abused by Father again. Child's case manager testified that Child exhibits behavioral and emotional problems including encopresis (soiling his pants), running away, setting fires, and sexual acting out. Child's counselor testified that he will require counseling indefinitely. Despite the court order that Father was not to have contact with Child, he has sent Child cards and letters.

■ We conclude that the above evidence was sufficient for the trial court to have found clear and convincing evidence that "the conditions that resulted in the removal of the child from the parent under a court order will not be remedied [and] continuation of the parent child relationship poses a threat to the well being of the child." I.C. 31–35–3–8.[3] In addition, the evidence is sufficient to show that Child's emotional development is threatened. *See Egly*, 592 N.E.2d at 1235. Therefore, termination was proper. *See id.*

■ Despite this Father asserts that the OFC failed to establish that the termination of parental rights was in the best interests of Child and that there is no guarantee that Child will be adopted. *See* Ind. Code § 31–35–3–5(2)(E). On the points as-

3. Father also contends that OFC did not set forth a satisfactory plan for the care and treatment of Child after termination. OFC is not required to detail completely a child's future, but need only point out in a general sense the general direction of its plan. *Page v. Greene County Dept. of Welfare*, 564 N.E.2d 956, 961 (Ind.Ct.App.1991). OFC's plan for the care and treatment of Child is to continue Child's counseling and to attempt to reunify him with his mother. The evidence clearly and convincingly supports the trial court's finding that OFC showed a satisfactory plan for the care and treatment of Child. *See id.*

Father also asserts that OFC has failed to provide him with services and proceeded with termination even though Father has done everything asked of him. Father cites to *Matter of A.M.* to support his contention that this is reversible error. *Matter of A.M.*, 596 N.E.2d at 239. In *Matter of A.M.* we discussed our statement in *Page v. Greene County Dept. of Welfare*, that

"[a]lthough a trial court should judge a parent's fitness to care for a child as of the time of

the termination hearing and take into consideration any evidence of changed conditions, 'the court must also evaluate the parent's habitual patterns of conduct to determine whether there is a substantial probability of future neglect or deprivation of the children.'"

*Matter of A.M.*, 596 N.E.2d at 239. (quoting *Page v. Greene County Dept. of Welfare*, 564 N.E.2d 956, 960 (Ind.Ct.App.1991)) (quoting *Matter of J.K.C.*, 470 N.E.2d 88, 92 (Ind.Ct.App.1984)).

Here, the evidence presented at the termination hearing established Father was convicted of child molesting and incest upon Child. OFC also presented evidence of Child's fear of father and emotional and behavior problems. Under these circumstances, the trial court's failure to consider evidence of progress after the termination hearing is not reversible error. *See Matter of A.M.*, 596 N.E.2d at 239. Here, termination was proper because terminating Father's parental rights is to protect Child. *See Matter of A.N.J.*, 690 N.E.2d at 720.

signed as error, the appellant has the burden of presenting both a cogent argument and the appropriate portions of the record to establish the error. *Posey v. State,* 622 N.E.2d 1032, 1034 (Ind.Ct.App.1993), *trans. denied.* If the appellant fails to do so, he waives a detailed consideration of those issues. *Id.* Here, Father fails to support his assertions with argument or citations to the record. The only authority he cites is *Matter of A.M.,* 596 N.E.2d 236, 239 (Ind.Ct.App. 1992), *trans. denied.* which does not support his argument. In *Matter of A.M.,* the court concluded that "[t]here was a total lack of evidence to establish the required elements of the [termination] statute." *Id.* at 240. Therefore, the court held that as a matter of law, the trial court clearly erred in terminating the father's parental rights. *Id.* Because Father does not cite to the record or make an argument regarding this issue, he waives these issues. *See Posey,* 622 N.E.2d at 1034.

 Waiver notwithstanding, Child's counselor testified that it would be in Child's best interest to terminate his relationship with Father. This statement taken ·along with the evidence that the condition will not be remedied and that the relationship poses a threat to Child is sufficient evidence from which the trial court could have concluded that it was clear and convincing evidence that termination of Father's parental rights was in the best interests of Child. *See Matter of A.M.,* 596 N.E.2d at 240.

We reverse a termination of parental rights "only upon a showing of 'clear error'— that which leaves us with a definite and firm conviction that a mistake has been made." *Matter of A.N.J.,* 690 N.E.2d at 722. (quoting *Egly,* 592 N.E.2d at 1235). We find no such error here, and the trial court's judgment is affirmed.

For the foregoing reasons we affirm the judgment of the trial court.

Affirmed.

DARDEN, J., and ROBB, J., concur.