731 N.E.2d 492 (2000)
In re the Matter of N.B., A Child, and
Mary Brock, Brian Saylor (Appellant), The Parents.
No. 02A03-9912-JV-487.
Court of Appeals of Indiana.
July 17, 2000.
*493 Thomas C. Allen, Fort Wayne, Indiana, Attorney for Appellant.
Ann Trzynka, Fort Wayne, Indiana, Attorney for Appellee.

OPINION
HOFFMAN, Senior Judge
Appellant Brian Saylor ("Saylor") appeals from the trial court's order terminating parental rights to N.B. The single issue raised in this appeal is whether there was sufficient evidence in the record to support the trial court's decision that termination of parental rights would be in the best interests of N.B. We affirm.
N.B. was born on September 5, 1996. On December 18, 1996, the Allen County Department of Family and Children filed a Verified Petition alleging that N.B. was a Child in Need of Services. On April 1, 1997, an Initial Hearing was held on the allegations against Saylor. After that hearing N.B. was declared to be a Child In Need of Services. Saylor admitted that he was the alleged father of N.B., and at the time of N.B.'s birth Saylor was incarcerated and unable to provide necessary care and supervision for N.B. As of December of 1996, Saylor continued to be unable to provide care for N.B., and would not be able to begin providing care for N.B. for several months due to Saylor's incarceration.
On April 7, 1997, after a dispositional hearing, the trial court approved and ordered compliance with a Parent Participation Plan. The trial court further ordered that N.B. remain in foster care where he was placed upon his initial removal. On April 14, 1998, the Department of Family and Children filed a petition for termination of the parent-child relationship. A fact-finding hearing was held on that petition on September 9, 1999. On October 5, 1999, the trial court issued an order terminating Saylor's parental rights to N.B.[1]
Saylor is currently incarcerated in the Indiana Department of Correction with a potential release date of July 19, 2003, if good time credit is earned. Saylor has never established paternity for N.B. Saylor has never seen N.B., and has not paid any support for N.B.'s care. Saylor failed to comply with any of the conditions of the Parent Participation Plan ordered by the trial court. Further, Saylor has been incarcerated all but one day of N.B.'s life. Saylor was convicted of committing a battery on N.B.'s mother on that day. Saylor testified about his extensive criminal history including a juvenile record related to charges involving alcohol and criminal conversion. Also, he testified that he was currently serving time for two convictions of theft in addition to the battery. Saylor testified that he had several convictions of criminal conversion and had a felony conviction for drinking and driving.
We will not set aside the trial court's judgment terminating a parent-child relationship unless it is clearly erroneous. In Re The Wardship of A.A.C., 682 N.E.2d 542, 544 (Ind.Ct.App.1997).
*494 In determining whether the evidence is sufficient to support the judgment of termination, this court neither reweighs the evidence nor judges the credibility of witnesses. Id. We consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. Id.
The court must subordinate the interests of the parents to those of the child when evaluating the circumstances surrounding the termination. Id. Termination of a parent-child relationship is proper where the child's emotional and physical development is threatened. Id.
The trial court need not wait until the child is irreversibly harmed such that his physical, mental and social development is permanently impaired before terminating the parent-child relationship. Id.
When there is a reasonable probability that the conditions that resulted in the child's removal will not be remedied the parent-child relationship can be terminated. Id. To determine whether such conditions will be remedied or not, the trial court must look to the parent's fitness at the time of the termination proceeding. Id. In addition, the court must look at the patterns of conduct in which the parent has engaged to determine if future changes are likely to occur. Id. When making its determination, the trial court can reasonably consider the services offered by the DPW to the parent and the parent's response to those services. Id.
In the present case, as mentioned above, Saylor had not established paternity for N.B. Moreover, at the time of the termination hearing Saylor was incarcerated. Further, he admittedly has a lengthy criminal history, both as a juvenile and as an adult. In fact, he pled guilty to committing a battery upon N.B.'s mother. Based upon our standard of review, we cannot say that the trial court's decision was clearly erroneous. There was sufficient evidence to support the trial court's judgment.
Affirmed.
MATTINGLY, J., and ROBB, J., concur.
NOTES
[1] Mother's parental rights to N.B. were terminated on May 25, 1999.