**Dillard Lee LANDIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 64A04–9710–CR–438.

Court of Appeals of Indiana.

March 17, 1998.

Paul D. Stanko, Sendak, Neff, Rominger & Stanko, Crown Point, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Dillard Lee Landis (Landis) appeals his conviction of stalking, a Class B felony.[1]

We reverse and remand for a new trial.

### ISSUES

Landis presents three issues for our review, two of which we restate and find are dispositive of this case:[2]

1.  Whether the trial court erred in denying Landis's motion to bifurcate.

2.  Whether the trial court erred in denying Landis's second motion to dismiss.

### FACTS AND PROCEDURAL HISTORY

Landis met the victim in this case, Jerri Wachter (Wachter), in a bar in approximately 1983. Following this meeting, Landis continued to contact Wachter, although Wachter was not interested in pursuing a romantic relationship with Landis. In December, 1995, Landis was convicted of stalking Wachter, and in April, 1996, Wachter obtained a permanent protective order against Landis. On August 3 and 4, 1996, Landis was seen in the area of Wachter's mobile home park and driving past Wachter's mobile home. Based upon these incidents, Landis was again charged with stalking Wachter. Following a jury trial in December, 1996, Landis was found guilty as charged and was later sentenced to the Indiana Department of Correction for an enhanced sentence of twelve years. Landis then instituted this appeal with regard to his second conviction of the offense of stalking.

1.  Ind.Code 35–45–10–5(c)(2).

2.  Because of the procedural defects in this case, we do not address Landis's third issue of the sufficiency of the evidence.

3.  We note that the State did not abide by Ind. Code 35–34–1–2.5 in charging Landis. This stat-

## DISCUSSION AND DECISION

### I. MOTION TO BIFURCATE

Landis contends that the trial court erred in denying his motion to bifurcate the different phases of his trial. We agree. The State charged Landis with an elevated offense of stalking, pursuant to Ind.Code 35–45–10–5(c)(2), based upon his prior conviction of stalking the same victim, Wachter. Landis moved to bifurcate the guilt and penalty phases of his trial, and the trial court denied this motion. At trial, the State introduced evidence of Landis's prior stalking conviction, and Landis was subsequently convicted as charged.

Ind.Code 35–38–1–2(c) provides:

If:

(1) the state in the manner prescribed by IC 35–34–1–2.5 sought an increased penalty by alleging that the person was previously convicted of the offense; and

(2) the person was convicted of the subsequent offense in a jury trial; the jury **shall** reconvene for the sentencing hearing. The person shall be sentenced to receive the increased penalty if the jury (or the court, if the trial is to the court alone) finds that the state has proved beyond a reasonable doubt that the person had a previous conviction for the offense.

(emphasis added).[3]

In *Johnson v. State*, 544 N.E.2d 164 (Ind. Ct.App.1989), *trans. denied*, this court determined:

Proceedings are bifurcated in cases where prior convictions serve to enhance a present conviction in recognition that evidence of prior crimes is generally inadmissible in criminal cases, because it has no tendency to establish the guilt or innocence of the accused but, if effective at all, can serve only to prejudice or mislead or excite the minds and inflame the passions of the jury.

ute requires that if the state is seeking to have a defendant sentenced to an increased penalty based upon a previous conviction of the same offense, it must allege, **on a separate page of the information**, the defendant's previous conviction.

*Id.* at 168. This procedure has been found to be necessary for the enhancement of specific offenses, as well. *See, e.g., Sweet v. State,* 439 N.E.2d 1144 (Ind.1982), *reh'g denied* (bifurcated procedure to be used for the enhancement of second conviction of marijuana or hashish offenses); *Smith v. State,* 451 N.E.2d 57 (Ind.Ct.App.1983) (bifurcated procedure to be used for the enhancement of second conviction of operating while intoxicated).

■ In the case at bar, the trial court denied Landis's motion to bifurcate, and the State introduced a certified copy of Landis's prior conviction during its case-in-chief, as well as eliciting testimony from Wachter regarding the events that led up to Landis being charged with the prior offense of stalking. We cannot say that the jury absorbed this information and then waited to consider it until after they had determined Landis's guilt on the present charge. It is more reasonable to believe that the jury heard this information and used it in determining whether to convict Landis on the most recent charge of stalking. As was the case in *Johnson,* these prior acts are of no probative value because they do not tend to prove any disputed fact in issue, such as identity or motive; therefore, these facts could only serve to contaminate the jury's thinking. This procedure prejudiced Landis and violated his right of due process. Therefore, similar to our holding in *Johnson,* we find here that where the State is required to prove a prior conviction in order to elevate the current offense, a bifurcated trial must be held wherein evidence of the defendant's prior conviction, and the acts which culminated in the prior conviction, shall not be introduced until the jury has first decided upon the defendant's guilt for the charge at hand. Thus, the trial court erred in denying Landis's motion to bifurcate.

Although this first issue is dispositive of this appeal, we must address one further issue in order to provide guidance to the trial court on re-trial.

## II. PREDICATE OFFENSE

■ Landis alleges that the trial court erred in denying his six motions to dismiss.

Here, we are concerned only with the second of these motions. In his second motion to dismiss Landis claims that his prior stalking charge cannot serve as a predicate offense for purposes of elevation of the current charge pursuant to Ind.Code 35–45–10–5(c)(2). He claims that because his prior stalking conviction was a Class B misdemeanor, pursuant to the statute in effect at the time, and not a Class D felony, as it is classified by the revised statute, the prior conviction cannot be used to elevate his second offense to a Class B felony. Landis further argues that the language in the stalking statute refers to a prior conviction "under this section" and that particular section was not in force at the time of his prior charge and conviction. We disagree.

First, we note that Landis cites no authority for his arguments. Second, we find that his arguments lack merit. Ind.Code 35–45–10–5(c)(2) states:

(c) The offense is a Class B felony if:

(1) . . . . .; or

(2) the person has an unrelated conviction for an offense *under this section* against the same victim or victims.

(emphasis added).

The phrase "under this section" refers to section 5 of Ind.Code 35–45–10. This section was in existence at the time of Landis's prior charge and conviction; however, the section contained different wording. P.L. 225–1996 substituted "Class B felony" for "Class D felony" in the first line of section 5, subsection c and added "against the same victim or victims" at the end of the sub-section. Landis was charged and convicted under section 5 of Ind.Code 35–45–10 for his prior conviction. If we were to accept Landis's interpretation, we would be faced with a situation where repeat offenders were being punished as first time offenders because the legislature, in its attempt to create laws to keep the public safe, effectively produced a crack into which these repeat offenders could safely fall. We reasonably believe this was not the intent of the legislature in revising the stalking statute in 1996. Thus, Landis's prior conviction of stalking as a Class B misdemeanor can serve as a predicate of-

fense for purposes of elevating his second charge to a Class B felony.

### CONCLUSION

Based upon the foregoing, we find the trial court committed error by denying Landis's motion to bifurcate. We also find that the court properly denied Landis's second motion to dismiss. Accordingly, we reverse and remand for a new trial in which the guilt and penalty phases are bifurcated.

Reversed and remanded for a new trial consistent with this opinion.

BAKER and NAJAM, JJ., concur.