**Dillard Lee LANDIS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 64S04–9812–CR–776.

Supreme Court of Indiana.

Dec. 29, 1998.

Paul D. Stanko, Crown Point, for Appellant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

■ The Court of Appeals correctly held in this prosecution for stalking, Ind.Code § 35–45–10–5(c), that when the State seeks an enhanced penalty based on a prior conviction for stalking, a defendant is entitled to a bifurcated proceeding in which the proof of the prior conviction is submitted to the jury only after it has rendered a guilty verdict on the present offense. *Landis v. State*, 693 N.E.2d 570 (Ind.Ct.App.1998).

The Attorney General seeks transfer, arguing that the crime of stalking by its nature necessitates proof of repeated or continuing acts. He contends that the prior acts and the conviction should thus be admissible in the State's case-in-chief. We grant transfer.

■ We conclude that the State may present evidence of prior *acts* that are probative of the crime of stalking (to the extent consistent with the Indiana Rules of Evidence and any other applicable law) but that evidence of any former *convictions* should be admitted only in the "sentencing hearing" contemplated by Ind.Code § 35–38–1–2(c).

With this exception, we summarily affirm the decision of the Court of Appeals. Ind.Appellate Rule 11(B)(3).

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.