**Kevin NASSER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 84A04–9910–CR–473.**

Court of Appeals of Indiana.

May 11, 2000.

---

William E. Daily, Danville, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy

Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant Kevin Nasser appeals his conviction for Driving While Suspended,[1] a Class A misdemeanor. Specifically, he contends that his Due Process Rights were violated under U.S. Const. amend. V and XIV when the trial court did not conduct a bifurcated proceeding with respect to the offense. Nasser also maintains that the evidence was insufficient to support the conviction and that he was improperly sentenced.

### FACTS

The facts most favorable to the verdict reveal that on the evening of June 26, 1998, Terre Haute Police Officer Denzil Lewis was on routine traffic patrol when he observed a red 1988 Chevy Camaro automobile tailgating another vehicle. Officer Lewis began following the Camaro and eventually activated his red lights. Nasser was identified as the operator of the vehicle, whereupon Officer Lewis conducted a driver's license computer check. After discovering that Nasser's license had been suspended for failing to maintain automobile insurance, Officer Lewis arrested Nasser for driving with a suspended license. Nasser was charged with the offense as a Class A misdemeanor, inasmuch as the State alleged that he had been previously found guilty of driving while suspended on or about February 17, 1998.

During a jury trial which commenced on September 23, 1999, the State introduced a certified copy of Nasser's driving record from the Bureau of Motor Vehicles (BMV) into evidence. That record demonstrated that Nasser had a prior violation for driving while suspended on February 17, 1998. The record also showed that Nasser's license was suspended from March 29, 1998, to June 27, 1998, in light of his failure to

maintain automobile insurance. The BMV sent a notice of suspension to Nasser on February 17, 1998 at his Terre Haute address, and another one to him on March 30, 1998 at the same address.

Following the trial, Nasser was found guilty as charged. Thereafter, the trial court ordered Nasser to serve a one-year executed term, which was ordered to run consecutive with a four-year sentence that had been imposed in the Vigo Superior Court with respect to a prior conviction. Nasser now appeals.

### DISCUSSION AND DECISION

#### I. Bifurcated Trial

Nasser first contends that his right to due process was violated when the trial court did not conduct a bifurcated proceeding with respect to the driving while suspended charge. Specifically, Nasser maintains that trying a defendant without a bifurcated proceeding in circumstances involving an enhancement in light of a prior conviction constitutes a denial of fundamental due process rights under the United States Constitution, Amend. V and XIV.

We initially observe that the driving while suspended statute, I.C. § 9–24–18–5(a)(1), (2) provides that:

(a) Except as provided in subsections (b) and (d), a person who operates a motor vehicle upon a highway while the person's driving privilege, license, or permit is suspended or revoked commits a Class A infraction. However, if:

(1) a person knowingly or intentionally violates this subsection; and

(2) less than ten (10) years have elapsed between the date a judgment was entered against the person for a prior unrelated violation of this subsection or IC 9–1–4–52 (repealed July 1, 1991) and the date the violation described in subdivision (1) was committed; the person commits a Class A misdemeanor.

---

1. IND. CODE § 9–24–18–5(a)(1)(2).

In support of his position that the trial court is required to conduct bifurcated proceedings under this statute, Nasser directs us to IND. CODE. § 35–34–1–2.5 and IND. CODE § 35–38–1–2(c). The first statute reads as follows:

If the penalty for an offense is, by the terms of the statute, increased because the person was previously convicted of the offense, the state may seek to have the person sentenced to receive the increased penalty by alleging, on a page separate from the rest of the charging instrument, that the person was previously convicted of the offense.

The second statute that Nasser points to provides that:

If:

(1) the state in the manner prescribed by IC 35–34–1–2.5 sought an increased penalty by alleging that the person was previously convicted of the offense; and

(2) the person was convicted of the subsequent offense in a jury trial;

the jury shall reconvene for the sentencing hearing. The person shall be sentenced to receive the increased penalty if the jury ... finds that the state has proved beyond a reasonable doubt that the person had a previous conviction for the offense.

I.C. § 35–38–1–2(c). In construing these statutes, Nasser urges that the State was required to hold a new proceeding on the Class A misdemeanor enhancement provision of the driving while suspended statute. Error occurred here, Nasser contends, because his prior violation for driving while suspended was presented to the jury before there was any determination as to the original charge as a Class A infraction.

■ We initially observe that Nasser has waived the issue because he failed to object to the manner of the proceedings at trial. *See James v. State,* 613 N.E.2d 15, 25 (Ind.1993) (a party may not fail to object to a court's action and then raise the issue on appeal for the first time). Waiver

notwithstanding, we note that our supreme court in *Landis v. State,* 704 N.E.2d 113 (Ind.1998), determined that a defendant is entitled to a bifurcated proceeding where evidence of a prior conviction will be presented to a jury to enhance the instant offense. *Id.*

In *Landis,* the defendant was charged with stalking as a Class B felony, based upon his prior conviction for that offense as a Class B misdemeanor. *Landis v. State,* 693 N.E.2d 570, 571–73 (Ind.Ct.App. 1998). Landis *requested* bifurcated proceedings of his guilt and penalty phases which the trial court denied. In agreeing with Landis that the trial court's denial of his request was error, we noted that where the State is required to prove Landis' prior stalking conviction to elevate the instant stalking offense, evidence of the prior conviction would only serve to mislead the jury and it was, therefore, necessary that a bifurcated proceeding be conducted. *Id.* at 572. Specifically, we observed that:

[W]e find here that where the State is required to prove a prior conviction in order to elevate the current offense, a bifurcated trial must be held wherein evidence of the defendant's prior conviction, and the acts which culminated in the prior conviction, shall not be introduced until the jury has first decided upon the defendant's guilt for the charge at hand.

*Id.*

Our supreme court granted transfer in *Landis* and affirmed the portion of this court's determination that Landis was entitled to a bifurcated trial where the State sought an enhanced penalty based upon the prior stalking conviction. *Landis,* 704 N.E.2d at 113.

■ Unlike the circumstances presented in *Landis,* we note that Nasser made no request for a bifurcated proceeding. Moreover, the violation for which Nasser was charged was not a criminal offense. Specifically, IND. CODE § 35–41–1–19 defines an "offense" as "a crime" and "does

*not* include an infraction." (Emphasis supplied); *see also State v. Hurst,* 688 N.E.2d 402, 405 (Ind.1997) (traffic violations are considered civil proceedings).

As set forth above, Nasser's case involves the enhancement of an infraction to a misdemeanor which was based upon the trial court's adjudication of a prior infraction. Inasmuch as the evidence at trial was offered to enhance the infraction to a Class A misdemeanor, and Nasser did not object to the nature of the proceedings, there is no merit to Nasser's contention under these circumstances that he was entitled to a bifurcated proceeding. Thus, Nasser may not succeed on his claim that his due process rights were violated.[2]

### II. Sufficiency of the Evidence

Nasser next asserts that his conviction must be vacated because the evidence presented at trial was conflicting as to whether he was actually suspended on June 26, 1998. Specifically, Nasser points out that one of the BMV records shows a suspension date of February 16, 1998, and another record shows a date of February 10, 1998 as the time of suspension. Thus, Nasser maintains that such an "obvious error" compels this court to vacate the conviction. Appellant's brief at 8. Additionally, Nasser complains that the State failed to prove the "mens rea" element of the offense because "only the computer generated BMV driving record which alleged suspension notices had been mailed was placed into evidence." Appellant's brief at 9. Thus, Nasser contends that the State should have introduced the actual suspension notices into evidence in order to show whether the suspension notice was mailed and whether proper notice was given.

█ To resolve Nasser's sufficiency claim, we note that to convict a defendant of driving while suspended as a Class A misdemeanor, the State must show that:

(1) the defendant was driving; (2) while his license was suspended; (3) that he "knew or should have known" of the suspension; and (4) less than ten years had elapsed between the date a judgment was entered against the defendant for a prior unrelated driving while suspended infraction violation and the date of the current violation. I.C. § 9–24–18–5; *see also Stewart v. State,* 721 N.E.2d 876, 879 (Ind.1999). A defendant's knowledge of his license suspension can be inferred from the computer printout of the driving record showing that a suspension of notice was sent to him. *Cruite v. State,* 641 N.E.2d 1264, 1266 (Ind.1994); *Loe v. State,* 654 N.E.2d 1157, 1159 (Ind.Ct.App.1995).

When reviewing sufficiency of the evidence claims, this court neither reweighs the evidence nor judges the credibility of witnesses. *Fields v. State,* 679 N.E.2d 898, 900 (Ind.1997). This court will affirm the judgment if the evidence and the inferences drawn therefrom constitute substantial evidence of probative value to support the judgment. *Blanche v. State,* 690 N.E.2d 709, 712 (Ind.1998).

█ Nasser concedes that he was driving the vehicle and that the BMV record introduced at trial showed that his license was suspended on June 26, 1998. Moreover, Nasser acknowledges that the BMV mailed two notices of suspension to him. Appellant's brief at 8–9. At trial, the State introduced a certified copy of Nasser's BMV driving record into evidence, showing that his license was suspended from March 29, 1998 to June 27, 1998 for failure to have insurance. R. at 89. While Nasser notes that his suspension was determined on either February 10 or on February 16, 1998, such a difference does not entitle him to relief, inasmuch as the record reflects that Nasser's license was suspended on June 26, 1998. R. at 79, 89.

---

**2.** We leave for another day the issue of whether a defendant is entitled to a bifurcated proceeding with regard to a previous adjudication for an infraction when he makes a specific and timely request for such a proceeding.

■ Contrary to Nasser's contention that the State was required to submit the actual suspension letter at trial to prove that Nasser knew or should have known of the suspension, our supreme court has determined that a defendant's knowledge of a license suspension can be inferred from the computer printout of the BMV driving record showing the suspension. *Cruite,* 641 N.E.2d at 1266. Inasmuch as the BMV records demonstrate that suspension notices were sent to Nasser at his last known address, the evidence is sufficient to show that he knew of the suspension. *See Stewart,* 721 N.E.2d at 879–80. As a result, the evidence was sufficient and Nasser's conviction may stand.

### III. Sentencing

Nasser also asserts that he was improperly sentenced because the trial court failed to state the reasons for imposing the maximum sentence. Specifically, Nasser argues that the trial court failed to identify significant aggravating and mitigating factors, explain each of them and then evaluate and balance the mitigating circumstances against the aggravating factors to determine if they offset each other.

■ We initially observe that Nasser has waived this issue because he failed to include the presentence report in the record that the trial court had referred to at sentencing. *See Posey v. State,* 622 N.E.2d 1032, 1034 (Ind.Ct.App.1993), *trans. denied* (consideration of an issue is waived because the defendant failed to include the transcript of the sentencing hearing). The defendant has the burden to establish that prejudicial error was committed. *Id.* Moreover, we have held that a trial court is not required to set forth aggravating and mitigating circumstances, but only required to consider: (1) the risk that the person will commit another crime; (2) the nature and circumstances of the crime committed (3) the person's prior criminal record, character and condition and the age of any victim. *Hoage v. State* 479 N.E.2d 1362 (Ind.Ct.App.1985).

Here, Nasser acknowledges that the trial court relied upon a presentence report that had been prepared in a prior case when he was sentenced. Specifically, we note the following statement made by the trial judge at sentencing:

All right. Is there anything further, Mr. Nasser? All right, *the Court having reviewed the pre-sentence report already prepared on Mr. Nasser's background and history,* also being aware of the cases that he has pending before this court in the past and the other misdemeanors case that is still pending before this court, it is now my judgment Mr. Nasser that you shall be ordered to serve one year in the Vigo County Jail, that sentence is to be fully executed....

R. at 165–66 (emphasis supplied). Because Nasser has failed to provide the pertinent portions of the record for review of this issue, he has waived the claim on appeal. *See id.*

■ Waiver notwithstanding, we note that the trial court has discretion to determine the appropriate sentence, and it may be reversed only if the defendant shows a manifest abuse of discretion. *Ford v. State,* 704 N.E.2d 457, 461 (Ind. 1998). Additionally, it is within the trial court's discretion to impose enhanced and maximum sentences. *Morgan v. State,* 675 N.E.2d 1067, 1073 (Ind.1996). An enhanced sentence may be supported by only one aggravating factor. *Adkins v. State,* 703 N.E.2d 182, 188 (Ind.Ct.App.1998). A defendant's criminal history, by itself, is sufficient to support an enhanced sentence. *Battles v. State,* 688 N.E.2d 1230, 1235 (Ind.1997).

■ As Nasser correctly observes, the trial court did not specifically state any aggravating factors when imposing the maximum sentence. However, the trial court pointed to the content of Nasser's presentence report and criminal history at the sentencing hearing. R. at 163–67. Specifically, the trial court noted that it had a copy of the report and had "acquain-

ted [itself] with [Nasser's] prior criminal record." R. at 163. The State pointed out that Nasser had a long history of both felony and misdemeanor convictions, previous suspensions and disciplinary proceedings before the BMV. R. at 163–64. The trial court was familiar with Nasser's prior convictions before its own court, as well as the recent conviction in the Vigo Superior Court. R. at 163–64, 166–67. The court also heard the prosecutor point out that Nasser continues "to drive without insurance, and continues to drive while intoxicated." R. at 165. Contrary to Nasser's claim, the circumstances set forth above were certainly aggravating factors that the trial court could, and did consider, in enhancing the sentence. Moreover, Nasser has not suggested that the trial court overlooked any mitigating circumstances that the trial court should have considered. As a result, there was no error in sentencing Nasser.

## CONCLUSION

In light of our disposition of the issues set forth above, we conclude that no error resulted when the trial court did not conduct bifurcated proceedings with respect to the driving while suspended charge. We also note that the evidence was sufficient to support Nasser's conviction and conclude that he was properly sentenced.

Judgment affirmed.

KIRSCH, J., concurs.

RILEY, J., concurs in result.