**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 20 2012, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ETHAN G. BARTANEN**
Bartanen Law Office, LLC
Salem, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BRADLEY D. HAUB, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No.  88A01-1110-CR-477 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE WASHINGTON SUPERIOR COURT
The Honorable Frank Newkirk, Jr., Judge
Cause Nos.  88D01-0812-FC-539, 88D01-0901-FB-34 and 88D01-0901-FC-5

**July 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

Bradley Haub belatedly appeals his sentences, stemming from three separate causes, for class B felony aiding burglary;[1] two counts of class C felony forgery;[2] class D felony auto theft;[3] and class D felony theft.[4]

We affirm.

## ISSUE

Whether the trial court erred in sentencing Haub.

## FACTS

On December 2, 2008, nineteen-year-old Haub, with intent to defraud, took a personal check that he knew had been forged and that was purported to have been made by Julian Brown and cashed the check. About one week later, on December 10, 2008, Haub, with intent to defraud, wrote a personal check in such a manner that it was purported to have been made by Marvin Coglazier.

On December 14, 2008, Haub aided Anthony Godbey and Bennie Ambers to burglarize the First Christian Church in Salem, Indiana. Haub stood outside while Godbey and Ambers went inside the church and removed some of the church's property. Haub helped them carry away the property and later sold some of it.

---

[1] Ind. Code § 35-43-2-1; § 35-41-2-4.

[2] I.C. § 35-43-5-2.

[3] I.C. § 35-43-4-2.5.

[4] I.C. § 35-43-4-2.

On December 24, 2008, Haub knowingly and intentionally exerted unauthorized control over a 2000 Buick owned by Noble Elliot with intent to deprive Elliot of the value or use of the vehicle. Two days later, on December 26, 2008, Haub "received" a car that he knew had been stolen from Mark Lee's Auto Lot and drove the car to Salem, Indiana with intent to deprive Mark Lee of the value or use of the vehicle. (Tr. 125).

On December 30, 2008, the State charged Haub, under cause number 88D01-0812-FC-539 ("FC-539"), with the following: Count 1, class C felony burglary; Count 2, class D felony auto theft; Count 3, class C felony auto theft; Count 4, class D felony theft; Count 5, class B misdemeanor criminal mischief; Count 6, class D felony receiving stolen property; Count 7, class C felony forgery; Counts 8-9, class D felony receiving stolen property; Count 10, class D felony theft; Counts 11-13, class D felony receiving stolen property; and Count 14, class D felony theft. Some of these charges stemmed from the crimes Haub committed on December 24 and December 26, 2008.

On January 2, 2009, the State charged Haub with two counts of class C felony forgery, under cause number 88D01-0901-FC-5 ("FC-5"), for the crimes he committed on December 2 and December 10, 2008.

On January 21, 2009, the State charged Haub, under cause number 88D01-0901-FB-34 ("FB-34"), with Count 1, class B felony aiding burglary; Count 2, class D felony aiding theft; and Count 3, class D felony receiving stolen property.[5] These charges stemmed from the crimes he committed on December 14, 2008.

---

[5] Haub failed to include the charging informations from his three causes in his Appellant's Appendix.

On May 15, 2009, Haub entered into a written plea agreement with the State for all three causes. Haub did not include a copy of the plea agreement in his Appellant's Appendix, but the record on appeal reveals the following. Under cause FC-539, Haub agreed to plead guilty to Count 2, class D felony auto theft, and Count 14, class D felony theft, while the State agreed to dismiss the remaining twelve charges. Next, under cause FC-5, Haub agreed to plead guilty to both class C felony forgery counts as charged. Finally, under FB-34, Haub agreed to plead guilty to the class B felony aiding burglary charge, and the State agreed to dismiss the two remaining class D felony charges. The plea agreement left sentencing open to the discretion of the trial court but contained a cap of twenty-two years.

The trial court held a sentencing hearing on June 24, 2009. During the sentencing hearing, the trial court discussed the fact that Haub's crimes had affected multiple victims and it found two aggravating circumstances, specifically Haub's criminal history and the fact that he had recently violated probation. The trial court found Haub's acceptance of responsibility by pleading guilty and his willingness to pay restitution to be mitigating circumstances. The trial court sentenced Haub to an aggregate term of twenty-one years, with nineteen years executed and two years suspended to probation. Specifically, under cause FB-34, the trial court sentenced Haub to the advisory term of ten years for his class B felony aiding burglary conviction. For Haub's two class C felony forgery convictions under cause FC-5, the trial court sentenced him to the advisory term of four years on Count 1 and the advisory term of four years with two years suspended to probation on Count 2, and the trial court ordered that they be served consecutively to each other.

4

Under cause FC-539, the trial court sentenced Haub to the advisory term of one and one-half years for each class D felony conviction (auto theft and theft) and ordered them to be served consecutively to each other. The trial court ordered that the sentences in all three causes be served consecutively. Additionally, the trial court stated that, after Haub had completed his sentence for aiding burglary, he could file a petition to modify his sentence.

In October 2011, Haub filed a motion requesting permission to file a belated appeal in FB-34, FC-539, and FC-5. The trial court granted the motion, and Haub now appeals his sentences in all three causes.

DECISION

Haub argues that the trial court erred in sentencing him. Specifically, Haub contends that: (1) the trial court abused its discretion by ordering him to serve consecutive sentences; and (2) his sentence is inappropriate.

1. Abuse of Discretion

Haub contends that the trial court erred by ordering his two sentences in causes FC-539 and FC-5 to be run consecutively and by ordering his sentences in his three causes to be served consecutively.

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). The decision to impose consecutive sentences lies within the discretion of the trial court. *See Echols v. State*, 722 N.E.2d 805, 808 (Ind. 2000). A single aggravating circumstance may support the imposition of consecutive sentences. *Hampton v. State*, 873 N.E.2d

5

1074, 1082 (Ind. Ct. App. 2007). "It is a well established principle that the fact of multiple crimes or victims constitutes a valid aggravating circumstance that a trial court may consider in imposing consecutive . . . sentences." *O'Connell v. State*, 742 N.E.2d 943, 952 (Ind. 2001). Indeed, "[c]onsecutive sentences reflect the significance of multiple victims." *Pittman v. State*, 885 N.E.2d 1246, 1259 (Ind. 2008).

During the sentencing hearing, the trial court discussed the fact that Haub's crimes had affected multiple victims, and the trial court specifically found Haub's criminal history and his recent violation of probation to be aggravating circumstances. These factors, which Haub does not challenge, are sufficient to support consecutive sentences. Thus, the trial court did not err by ordering Haub to serve consecutive sentences. *See Hampton*, 873 N.E.2d at 1082 (holding that a single aggravating circumstance may support consecutive sentences); *see also Townsend v. State*, 860 N.E.2d 1268, 1273 (Ind. Ct. App. 2007) (affirming trial court's imposition of consecutive sentences based on multiple victims), *trans. denied*; *Frentz v. State*, 875 N.E.2d 453, 472 (Ind. Ct. App. 2007) (explaining that the imposition of advisory sentences on individual offenses does not preclude the imposition of consecutive sentences on those offenses and further stating that the imposition of consecutive sentencing in cases involving individual offenses against multiple victims prevents a defendant from receiving a "free pass" as to one or more of those victims), *trans. denied.*

Haub, however, contends that his aggregate sentence should be reduced pursuant to Indiana Code 35-50-1-2(c). Specifically, he asserts that the trial court was precluded from ordering consecutive sentences because his five crimes, which he states were "part

6

of a crime spree that lasted twenty[-]four days[,]"constituted a single episode of criminal conduct. Haub's Br. at 8.

"Indiana Code section 35-50-1-2(c) limits a trial court's ability to impose consecutive sentences for multiple crimes which arise out of a single 'episode of criminal conduct.'" *Farris v. State*, 753 N.E.2d 641, 647 (Ind. 2001). Indiana Code section 35-50-1-2(c) provides, in relevant part, that:

> The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

An "episode of criminal conduct" refers to "offenses or a connected series of offenses that are closely related in time, place, and circumstance." I.C. § 35–50–1–2(b). To determine whether multiple crimes constitute an episode of criminal conduct, emphasis has been placed on the timing of the offenses and the simultaneous and contemporaneous nature, if any, of the crimes. *Reed v. State*, 856 N.E.2d 1189, 1200 (Ind. 2006). Also relevant is consideration of whether the conduct is so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to details of the other charge. *See id.*

Aside from the fact that Haub's crime of class B felony aiding burglary is a crime of violence and would be exempted from the limitations in Indiana Code section 35-50-1-2(c), *see Farris*, 753 N.E.2d at 647-48 (explaining that convictions for aiding in a "crime

7

of violence" were exempt from the consecutive sentencing limitation in Indiana Code section 35-50-1-2(c)), Haub's offenses did not constitute an episode of criminal conduct. As shown in the facts above, he committed five crimes against five different victims on five different days. Haub has failed to show how these five offenses were in any way related in time, place, or circumstance. Additionally, a complete account of each offense can be related without referring to details of the other offense. Accordingly, the trial court did not abuse its discretion by ordering Haub to serve consecutive sentences.

2. Inappropriate Sentence

Haub argues that his aggregate sentence of nineteen years executed and two years suspended to probation was inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

The State contends that Haub has waived any inappropriate sentencing argument because he failed to include a copy of his presentence investigation report ("PSI") in his appellate appendix. *See Nasser v. State*, 727 N.E.2d 1105, 1110 (Ind. Ct. App. 2000)

8

(explaining that a defendant has the burden to establish prejudicial error was committed and finding the defendant's failure to include the PSI in the record resulted in waiver), *trans. denied*. The State, however, acknowledges that, pursuant to Appellate Rule 49(B), this failure to include the PSI does not necessarily result in waiver. *See* Ind. Appellate Rule 49(B) ("Any party's failure to include any item in an Appendix shall not waive any issue or argument."); *see also Eiler v. State*, 938 N.E.2d 1235, 1237 n.2 (Ind. Ct. App. 2010) (noting that the defendant's failure to include the PSI "hampers our ability to . . . review the trial court's sentencing decision" but not finding waiver), *reh'g denied*; *Nasser*, 727 N.E.2d at 1110 (reviewing the defendant's sentencing error notwithstanding waiver for failure to include the PSI in the record). We agree that the lack of PSI "hampers" our appellate review but find that the sentencing transcript is sufficient to allow us to adequately review Haub's inappropriate sentencing claim. Accordingly, we will address his argument. However, we remind Haub's counsel that he has an obligation to provide us with a complete record on appeal, especially the portion of the record relating to an issue raised on appeal. *See* Ind. Appellate Rule 50.

In determining whether a sentence is inappropriate, the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Here, Haub was convicted of one class B felony, two class C felonies, and two class D felonies. The advisory sentence for a class B felony is ten years, with a minimum sentence of six years and a potential maximum sentence of twenty years. I.C. § 35-50-2-5. The advisory sentence for a class C felony is four years, with a minimum sentence of two years and a potential maximum sentence of

9

eight years. I.C. § 35-50-2-6. The sentencing range for a class D felony is between six months and three years, with the advisory sentence being one and one-half years. I.C. § 35-50-2-7. The trial court sentenced Haub to the advisory term for each of his five felony convictions and ordered that they be served consecutively. Because the "advisory sentence is the starting point our General Assembly has selected as an appropriate sentence for the crime committed, the defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011) (citing *Golden v. State*, 862 N.E.2d 1212, 1216 (Ind. Ct. App. 2007), *trans. denied*), *trans. denied*.

Regarding Haub's offenses, the record reveals that during the month of December 2008, Haub committed five felony offenses against five separate victims on five different days. In a one-week period, Haub committed two acts of fraud against two different people, first by cashing a check that he knew was forged and second by writing a check and forging someone else's signature on it. A couple of days later, Haub helped two friends burglarize a church. Specifically, Haub went to the church with the two friends, who then broke into the church and stole items, including computers, videogames, and a guitar. Haub helped carry the items away from the church and sold some of them. As for Haub's theft offense, which he committed around Christmas of 2008, the record reveals that Haub stole a car from a man by telling the man he wanted to buy his car and then gave the man a forged check to purchase the car. Two days later Haub committed auto

10

theft when he went with his brother to a used car dealership and they took cars from the dealership.

In support of his character, Haub points to his youth and guilty plea. The trial court, however, recognized his guilty plea as a mitigating circumstance and considered it when sentencing Haub to the advisory sentence for each of his five felony offenses. Furthermore, Haub received a substantial benefit by pleading guilty to five of the total nineteen charges that were pending against him, thereby avoiding a substantial amount of additional prison time.

As for Haub's youth, the record before us reveals that the nineteen-year-old Haub has not finished high school or obtained his GED and has accumulated quite a criminal history for someone of his young age. Despite Haub's failure to include the PSI in his Appendix, the record reveals that Haub's criminal history started at age eleven and continued into young adulthood. He was placed on probation "numerous" times, both as a juvenile and as an adult, and has had petitions filed to revoke his probation. (Tr. 147). Haub's juvenile history started with vandalism and criminal mischief and then progressed to burglary and theft. In April 2007, when Haub was seventeen years old, he was charged with auto theft and waived to adult court. The record indicates that Haub had served jail time and was placed on probation; nevertheless, despite being faced with the threat of having a suspended sentence revoked and going to prison, he continued to commit crimes and have positive drug screens. During sentencing, the trial court stated that when Haub was on probation, he committed forgery, theft, and receiving stolen

11

property in Orange County in August 2008. His criminal history and actions in continuing to commit crimes while on probation indicate a disregard for the law.

Haub has not persuaded us that, under the circumstances herein, that his aggregate sentence of nineteen years executed and two years suspended to probation for the commission of one class B felony, two class C felonies, and two class C felonies is inappropriate. Therefore, we affirm the trial court's sentence.

Affirmed.

RILEY, J., and NAJAM, J., concur.