## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 20 2018, 5:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad A. Montgomery
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Keywan Moten,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 20, 2018

Court of Appeals Cause No. 79A02-1709-CR-2138

Appeal from the Tippecanoe Superior Court

The Honorable Randy Williams, Judge

Trial Court Cause No. 79D01-1612-F5-168

**Riley, Judge.**

# STATEMENT OF THE CASE

[1] Appellant-Defendant, Keywan Moten (Moten), appeals his eight-year aggregate sentence following his open guilty plea to two Counts of robbery, Level 5 felonies, Ind. Code § 35-42-5-1(a).

[2] We affirm.

# ISSUES

[3] Moten presents two issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion during sentencing; and

(2) Whether Moten's sentence is inappropriate in light of the nature of the offenses and his character.

# FACTS AND PROCEDURAL HISTORY

[4] On December 11, 2016, the Lafayette Police Department investigated a robbery at a Village Pantry. The officers obtained surveillance footage documenting the robbery. The following day, on December 12, 2016, the police investigated a "strong-arm robbery of a female subject walking down an alley." (Appellant's App. Vol. II, p. 13). Details of the perpetrator were obtained from the victim. Then on December 13, 2015, the police investigated another robbery at a different Village Pantry in Lafayette. During subsequent police investigations, Moten was identified as the suspect in all three robberies.

[5] On December 20, 2016, the State filed an Information, charging Moten with three Counts of robbery as Level 5 felonies. On June 23, 2017, Moten and the

State executed a plea agreement, pursuant to which Moten agreed to plead guilty to two Counts of robbery. The State further agreed that it would dismiss Moten's remaining robbery charge. The plea agreement left sentencing to the discretion of the trial court. The same day, the trial court conducted a hearing on Moten's guilty plea. After a factual basis was presented to the trial court, the trial court took Moten's plea under advisement, and ordered the preparation of a pre-sentencing report. On July 25, 2017, at the start of Moten's sentencing hearing, the trial court accepted Moten's guilty plea. The trial court then heard evidence and arguments regarding sentencing. At the close of the evidence, the trial court entered a judgment of conviction for two Counts of robbery as Level 5 felonies, and ordered Moten to serve consecutive terms of four years on each Count. Moten's aggregate sentence was eight years, of which the trial court ordered six years executed and two years suspended to supervised probation.

[6] Moten now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Abuse of Sentencing Discretion*

[7] Moten claims that the trial court abused its sentencing discretion. It is well established that sentencing decisions rest within the sound discretion of the trial court and are subject to appellate review only for an abuse of that discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490, *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). It is an abuse of discretion if the trial court's decision "is 'clearly against the logic and effect of the facts and circumstances before the court, or the

reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

[8] One way that a trial court may abuse its discretion is by not recognizing mitigators that are clearly supported by the record and advanced for consideration. *Anglemyer*, 868 N.E.2d at 491. The defendant bears the burden of demonstrating that "the trial court failed to find or identify a mitigating factor by establishing that the mitigating evidence is both significant and clearly supported by the record." *McElfresh v. State*, 51 N.E.3d 103, 112 (Ind. 2016). Remand for resentencing may be the appropriate remedy "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491.

[9] The State initially argues that Moten "has waived consideration of the issue of sentencing because he failed to present this [c]ourt with the presentence investigation report." (State's Br. p. 9). We agree. Failure to provide the pre-sentencing report as part of the appellate record results in waiver of the issue on appeal. *Nasser v. State*, 727 N.E.2d 1105, 1110 (Ind. Ct. App. 2000), *trans. denied*. Waiver notwithstanding, we observe that the record supports the trial court's sentencing decision.

[10] Indiana Code section 35-50-2-6(b) provides that "[a] person who commits a Level 5 felony . . . shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." In the present

case, the trial court imposed a four-year term on both Counts, to be served consecutively. In the written sentencing order, the trial court noted the existence of certain aggravators factors, namely Moten's criminal history, the existence of a pending petition to revoke his probation, and upon reading a statement offered from the victim Moten robbed in an alley. The trial court found Moten's guilty plea, Moten's support from his family members, and the fact that Moten suffers from mental health issues and lacks intellectual ability as mitigating factors.

[11]    Moten contends that his youthful age of eighteen at the time he committed the crimes should have also been considered as a mitigating factor. "The finding of mitigating circumstances is not mandatory but is within the discretion of the trial court." *Sandleben v. State*, 29 N.E.3d 126, 135 (Ind. Ct. App. 2015), *trans. denied*. A trial court is under no obligation "to accept the defendant's argument as to what constitutes a mitigating factor"; nor is the trial court "required to give the same weight to a proffered mitigating factor as does the defendant." *Id.* at 135-36. A defendant alleging "that the trial court failed to identify or find a mitigating factor" is required "to establish that the mitigating evidence is both significant and clearly supported by the record." *Id.* at 136.

[12]    Regarding age, our Supreme Court stated in *Sensback v. State*, 720 N.E.2d 1160, 1164 (Ind. 1999), "Age is neither a statutory nor a *per se* mitigating factor. There are cunning children and there are naïve adults." In other words, focusing on chronological age, while often a shorthand for measuring culpability, is frequently not the end of the inquiry for people in their teens and

early twenties.  There are both relatively old offenders who seem clueless and relatively young ones who appear hardened and purposeful.  *Id*.  *See also Ellis v. State*, 736 N.E.2d 731, 736 (Ind. 2000).

[13] At his sentencing, Moten explicitly asked the sentencing court to consider his age as a mitigating circumstance.  The trial court, in turn, noted that although Moten was eighteen years old at the time he committed the crimes, "he's not a kid." (Sentencing Tr. p. 26).  The trial court further noted that Moten was on probation for a burglary offense when he committed the instant offenses.  Moreover, Moten's three-day robbery spree does not reflect acts of an innocent youth who committed an isolated crime; rather, his purposeful acts can be associated with that of a hardened criminal.  Therefore, it is apparent that the trial court found that Moten's age was not a mitigating circumstance.  Accordingly, we conclude that Moten's abuse of sentencing discretion claim has no merit.

## II. *Inappropriate Sentence*

[14] Next, Moten claims that his eight-year aggregate sentence is inappropriate in light of the nature of the offenses and his character.  Indiana Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the offender.  *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007).  The "nature of offense" compares the defendant's actions with the required showing to sustain

a conviction under the charged offense, while the "character of the offender" permits a broader consideration of the defendant's character. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008); *Douglas v. State*, 878 N.E.2d 873, 881 (Ind. Ct. App. 2007). An appellant bears the burden of showing that both prongs of the inquiry favor a revision of his sentence. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Cardwell*, 895 N.E.2d at 1224. Our court focuses on "the length of the aggregate sentence and how it is to be served." *Id.*

[15] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). Moten was convicted of two Counts of robbery, Level 5 felonies, and the trial court imposed four years on each Count, to be served consecutively. A Level 5 felony is punishable for a fixed term between one and six years, with the advisory sentence being three years. *See* I.C. § 35-50-2-6(b).

[16] The nature of the offenses is that Moten committed two robberies, one to a Village Pantry, and the other was to a woman who was walking down an alley. Moten committed the instant offenses while on probation for a burglary offense. After the police confronted Moten with the evidence, he subsequently pled guilty.

[17]　When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. While a record of arrests may not be used as evidence of criminal history, it can be "relevant to the trial court's assessment of the defendant's character in terms of the risk that he will commit another crime." *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005).

[18]　At his sentencing hearing, the trial court took note of Moten's prior run-ins with the criminal justice system. In 2013, Moten was adjudicated as a delinquent for dealing in marijuana, resisting law enforcement, and residential entry. Although it is unclear as to when the offenses were committed, the trial court noted that Moten had been "placed in secure detention for carrying a handgun without a license and dangerous possession of a firearm." (Sentencing Tr. p. 23). Then in May of 2015, Moten committed a burglary offense, and was placed on probation. The trial court took note of the fact that Moten committed the instant offenses while on probation for a burglary offense, and there was a pending petition to revoke his probation. Additionally, the trial court indicated that Moten abused drugs from age thirteen, and Moten only stopped after he was incarcerated for the instant offenses. As stated, Moten committed three separate robberies in a span of three days which resulted in the State charging Moten with three separate Level 5 felony robbery charges. Because Moten agreed to plead guilty to two robbery charges, the State

dismissed the remaining Count. Moten's criminal history and prior criminal contacts have not deterred him from breaking the law. For all of the above reasons, Moten has failed to meet his burden in persuading us that his sentence is inappropriate in light of his character and the nature of his offenses.

## CONCLUSION

[19] In sum, we conclude that the trial court did not abuse its discretion in sentencing Moten, and Moten's sentence is not inappropriate in light of the nature of the offenses and his character.

[20] Affirmed.

[21] Baker, J. and Brown, J. concur