## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 29 2020, 10:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson
Haller & Colvin, P.C.
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ted E. Geisleman,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 29, 2020

Court of Appeals Case No.
20A-CR-4

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D05-1712-F3-77

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Ted E. Geisleman (Geisleman), appeals the trial court's sentence following his guilty plea to dealing in cocaine, a Level 3 felony, Ind. Code § 35-48-4-1(a)(2); three Counts of dealing in cocaine, Level 4 felonies, I.C. § 35-48-4-1(a)(1); dealing in a narcotic drug, a Level 5 felony, I.C. § 35-48-4-1(a)(1); operating a motor vehicle after a lifetime suspension, a Level 5 felony, I.C. § 9-30-10-17(a)(1); maintaining a common nuisance, a Level 6 felony, I.C. § 35-48-1-5(c); possession of marijuana, a Class B misdemeanor, I.C. § 35-48-4-11(a)(1); and possession of paraphernalia, a Class C misdemeanor, I.C. § 35-48-8.3(b)(1).

We affirm.

# ISSUES

Geisleman presents two issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion by failing to properly recognize certain mitigating circumstances; and

(2) Whether Geisleman's sentence is inappropriate in light of his character and the nature of the offenses.

# FACTS AND PROCEDURAL HISTORY

During November and December 2017, Geisleman sold drugs on six different occasions to a confidential informant. On December 28, 2017, as a result of these undercover buys, the State filed an Information, charging Geisleman with

a Level 3 felony dealing in cocaine; three Level 4 felonies dealing in cocaine; a Level 5 felony dealing in a narcotic drug; a Level 5 felony operating a motor vehicle after a lifetime suspension, a Level 6 felony maintaining a common nuisance, a Class B misdemeanor possession of marijuana; and a Class C misdemeanor possession of paraphernalia. On February 18, 2018, Geisleman entered a plea agreement to all Counts, which provided him with an opportunity to participate in a Drug Court diversion program.

[5] On September 23, 2019, the trial court terminated Geisleman from the diversion program. On December 5, 2019, the trial court conducted a sentencing hearing. During the hearing, Geisleman noted that he had made it to the third phase of the program before "he completely fell apart and these new offenses he had over in circuit court happened," and that he did not "have a whole lot to add other than" briefly referring, without identifying or explaining, the application of certain mitigating factors that he had listed in two written sentencing memoranda submitted to the trial court. (Transcript pp. 4-5). In its review, the trial court identified two mitigating factors: (1) Geisleman's guilty plea, and (2) his expressed remorse. Contrary to his claim that he did not harm the community, the trial court noted that he was selling drugs and therefore was "poisoning members of our community." (Tr. p. 7). The court further observed Geisleman's lengthy criminal history and the likelihood that he would not respond positively to probation. Given that he was charged with a new offense, the trial court stated that Geisleman's attitude and character reveal that he is likely to commit another crime. The trial court found as additional

aggravating factors: (1) prior failed efforts at rehabilitation, and (2) the nature and circumstances of the crimes. At the conclusion of the hearing, the trial court imposed twelve years on the Level 3 felony; ten years each on the Level 4 felonies; five years each on the Level 5 and Level 6 felonies;180 days on the Class B misdemeanor, and sixty days on the Class C misdemeanor, for a total term of 57 years and 240 days. All Counts were ordered to be served concurrently, resulting in a twelve-year sentence at the Department of Correction.

[6] Geisleman now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

### I. *Mitigating Circumstances*

[7] Geisleman contends that the trial court abused its discretion when it failed to identify certain mitigating factors. So long as a sentence imposed by a trial court is within the statutory range for the offense, it is subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of the trial court's sentencing discretion occurs if its decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. A trial court abuses its discretion when it fails to enter a sentencing statement at all, its stated reasons for imposing sentence are not supported by the record, its sentencing statement omits reasons that are clearly supported by the record and advanced for

consideration, or its reasons for imposing sentence are improper as a matter of law. *Id*. at 490-91.

[8]     Geisleman now contends that the trial court abused its discretion when it failed to properly recognize the mitigating circumstances proposed in the two written sentencing memoranda he had submitted to the trial court prior to the sentencing hearing.  We remind Geisleman that "[i]t is the appellant's duty to provide the reviewing court with an adequate record for review." *Johnson v. State*, 747 N.E.2d 623, 627 (Ind. Ct. App. 2001).  As such, Indiana Appellate Rule 50(B)(1) provides that the appellant's appendix "shall contain a table of contents and copies of the following documents, if they exist:  . . . (e) any record material relied on in the brief unless the material is already included in the transcript[.]"  Geisleman did not include the two sentencing memoranda in his appellate appendix.

[9]     As Geisleman did not advance the mitigating factors for consideration on the record but merely requested the trial court to consider the two memoranda that had been filed, these documents are necessary for this court to evaluate Geisleman's claim.  The record indicates that on February 17, 2020, the State filed a motion for conforming appendix, informing this court that Geisleman's appendix did not include the two sentencing memoranda.  Geisleman objected to the State's motion, asserting that he was only required to provide appendices containing information from the record on appeal that are "necessary and relevant to the issues on appeal," and that he raised only two issues, "none of which have to do with evidence presented at the hearing."  (Def. motion Feb.

28, 2020). In response to the parties' motions, we observed in our March 4, 2020 order, that "an Appellant who fails to include the materials necessary for this [c]ourt's review risks waiver of the affected issues or dismissal of the appeal." (Crt. Order March 4, 2020). Accordingly, as a result of failing to provide the only portion of the record enumerating Geisleman's proposed mitigating circumstances, we are unable to consider his claim and we conclude that he has waived appellate review. *See, e.g., Nasser v. State*, 727 N.E.2d 1105, 1110 (Ind. Ct. App. 2000) (finding that appellant waived sentencing argument because he failed to include the pre-sentence report in the record).

## II. *Inappropriateness of Sentence*

[10] Geisleman also requests that we independently review the appropriateness of his sentence. "Even when a trial court imposes a sentence within its discretion, the Indiana Constitution authorizes independent appellate review and revision of this sentencing decision." *Hoak v. State*, 113 N.E.3d 1209, 1209 (Ind. 2019). Thus, we may alter a sentence if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Id*. The principal role of such review is to attempt to leaven the outliers. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The defendant bears the burden to persuade the reviewing court that the sentence imposed is inappropriate. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018).

[11] In considering the appropriateness of a sentence, we recognize the advisory sentence is the starting point the Legislature selected as appropriate for the

crime committed.  *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014).  Geisleman was sentenced to a total term of 57 years and 240 days.  This aggregate term is composed of a bevy of concurrent sentences, not one of which was a maximum sentence for its particular Level of offense.  Specifically, the trial court ordered all Counts to be served concurrently, resulting in a twelve-year sentence at the Department of Correction.  Geisleman now requests this court to decrease his sentence to the minimum aggregate sentence of three years.  We decline to do so.

[12]    With respect to the nature of the crimes, we do not turn a blind eye to "facts of the incident that brought the defendant before" us or the "nature and circumstances of the crime as well as the manner in which the crime is committed."  *Bethea v. State*, 893 N.E.2d 1134, 1145 (Ind. 2013).  Geisleman flooded the community with illegal drugs and sold narcotics to a confidential information for a profit on at least six different occasions.  *See Evans v. State*, 725 N.E. 2d 850, 851 (Ind. 2000) (holding that purveyors of illegal drugs are "a menace to society," and as such acknowledged by the legislature by classifying those offenses as serious felonies).

[13]    Likewise, Geisleman's character does not warrant a downward revision of his sentence.  A defendant's willingness to continue committing crimes is relevant for analysis of his character under Appellate Rule 7(B).  *Garcia v. State*, 47 N.E. 3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied*.  Geisleman has a significant criminal history spanning almost three decades, from 1990 to 2019, and involving juvenile, misdemeanor, and felony offenses.  His juvenile history

included adjudications for, among others, possession of paraphernalia and possession of marijuana; while his adult history includes charges for, among others, burglary, battery, resisting law enforcement, and being a habitual traffic violator. As the trial court noted during sentencing:

> [Geisleman] had three adjudications as a juvenile with time in the Wood Youth Center. [He] has been given short jail sentences, intermediate jail sentences, and longer jail sentences. [He] has been assessed fines and costs. [He] has been through the Center for Non-Violence. [He] had time in the Department of Correction. [He] has been on active adult probation. [He] had home detention. [He] had the benefit of suspended sentences, time through the Alcohol Abuse Deterrent Program. [He] has been on parole. [He] has been through Criminal Division Services. [He] had multiple attempts at substance abuse treatment through the system, and ultimately, the Drug Court Program.

(Tr. p. 8). He repeatedly failed to take advantage of rehabilitative programs, and he did not respond positively to probation. While participating in the Drug Court program, Geisleman committed a new offense. Geisleman has not shown that his character, as evidenced by his criminal history and probation violations, warrants the minimum sentence that he requested. Therefore, in light of the facts before us, we conclude that trial court's imposed sentence is not inappropriate.

# CONCLUSIONS

[14] Based on the foregoing, we hold that Geisleman's sentence is not inappropriate in light of the offense and his character.

[15] Affirmed.

[16] Mathias, J. and Tavitas, J. concur