## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

Jul 30 2018, 10:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Luis C. Schleiffer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 30, 2018

Court of Appeals Case No.
35A02-1712-CR-2885

Appeal from the Huntington
Superior Court

The Honorable Jennifer E.
Newton, Judge

Trial Court Cause No.
35D01-1612-CM-752

**Pyle, Judge.**

# Statement of the Case

[1] Luis Schleiffer ("Schleiffer") appeals his conviction following a bench trial of possession of marijuana with a prior conviction, a Class A misdemeanor.[1] His sole argument is that the trial court abused its discretion in allowing the State to reopen its case to present evidence of his prior conviction. Finding no abuse of the trial court's discretion, we affirm the trial court's judgment.

[2] We affirm.

# Issue

> Whether the trial court abused its discretion when it allowed the State to reopen its case to present evidence of Schleiffer's prior conviction.

# Facts

[3] In December 2016, the State charged Schleiffer with possession of marijuana with a prior conviction for possession of marijuana. At Schleiffer's November 2017 bench trial, the State rested without presenting evidence regarding Schleiffer's prior conviction. During closing argument, Schleiffer argued that the State had failed to present evidence that he had a prior conviction. The State responded that it was "anticipating this would be a bi-furcated trial" and that if Schleiffer was found guilty of possession of marijuana, the State was

---

[1] IND. CODE § 35-48-4-11.

prepared to offer evidence of the prior conviction in the "second phase." (Tr. 74).

[4]  The trial court concluded that the State had proved beyond a reasonable doubt that Schleiffer was guilty of possession of marijuana and permitted the State to reopen its case to present evidence of Schleiffer's prior conviction. A probation officer testified that Schleiffer had a prior conviction for possession of marijuana as a Class D felony, and the trial court admitted into evidence certified records substantiating the conviction. Thereafter, the trial court convicted Schleiffer of possession of marijuana with a prior conviction, a Class A misdemeanor. Schleiffer now appeals his conviction.

## Decision

[5]  Schleiffer argues that there is insufficient evidence to support his conviction of possession of marijuana with a prior conviction for possession of marijuana because the State failed to prove the prior conviction in its case-in-chief, and Schleiffer did not request a bi-furcated proceeding. However, the trial court subsequently allowed the State to reopen its case, and Schleiffer does not dispute that this later-presented evidence established that he had a prior drug conviction. The issue is therefore whether the trial court abused its discretion when it allowed the State to reopen its case to present evidence of Schleiffer's prior conviction.

[6]  The decision to allow the State to reopen its case after the State has rested is within the trial court's discretion. *Gilman v. State*, 65 N.E.3d 638, 641 (Ind. Ct.

App. 2016). To establish that the trial court committed reversible error, the defendant must establish that the trial court clearly abused that discretion. *Id.* In determining whether the trial court abused its discretion, we consider: (1) whether the defendant was prejudiced by the reopening of the case; (2) whether the party seeking to reopen the case rested inadvertently or purposefully; (3) the stage of the proceedings at which the request is made; and (4) whether any real confusion or inconvenience would result from granting the request. *Id.*

[7] Here, we agree with the State that "[a]t most, the [State's] failure to introduce the evidence of the prior conviction earlier in the proceedings was an inadvertent mistake based on the belief that this evidence should not be introduced until after the State had proved that Schleiffer had possessed the marijuana in the present case." (State's Br. 8-9). We also agree with the State that there "was no prejudice to Schleiffer in permitting the State to introduce the prior conviction evidence in a bi-furcated manner instead of at the same time the evidence was introduced of Schleiffer's most recent possession of marijuana."[2] (State's Br. 8). Schleiffer was aware of his prior conviction and knew that it was being used to enhance his current offense. He did not challenge it. We have previously stated that a "trial is not a game of

---

[2] Had this been a jury trial, we might have reached a different result. *See Landis v. State*, 704 N.E.2d 113, 113 (Ind. 1998) (explaining that when "the State seeks an enhanced penalty based on a prior conviction . . . , a defendant is entitled to a bifurcated proceeding in which the proof of the prior conviction is submitted to the jury only after it has rendered a guilty verdict on the present offense.") Here, however, Schleiffer was tried in a bench trial. "We presume the trial judge is aware of and knows the law, and considers only the evidence properly before the judge in reaching an informed decision." *Dumas v. State*, 803 N.E.2d 1113, 1121 (Ind. 2004).

technicalities but one in which the facts and truth are sought." *King v. State*, 531 N.E.2d 1154, 1161 (Ind. Ct. App. 1988). The trial court did not abuse its discretion when it allowed the State to reopen its case to present evidence of Schleiffer's prior conviction.

[8] Affirmed.

Vaidik, C.J., and Barnes, Sr.J., concur.